**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SUKHWINDER SINGH,**
**A#063450031**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv766**

**JERRY CRAWFORD,**
***Farmville Detention Center,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

**REPORT AND RECOMMENDATION**

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Sukhwinder Singh ("Petitioner" or "Singh"). Pet. (ECF No. 1). Singh is an immigration detainee currently being housed at Farmville Detention Center. Id. at 1. His Petition alleges he is unlawfully subject to immigration detention and seeks release from ICE custody or, in the alternative, a fair bond hearing. Id. at 6, 8.

Based on the Petitioner's reference to mandatory detention under 8 U.S.C. § 1225(b)(2), the court initially ordered Respondents to promptly file a Notice indicating whether the facts were materially different from those presented in Ceba Cinta v. Noem, et al., No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025). The same Order advised that Petitioner may, if he desires, file a response to respondents' opposition by August 3, 2026. Id.

On July 27, 2026, Respondents filed their Opposition, arguing that Singh is subject to mandatory detention under 8 U.S.C. § 1231, as he is subject to a removal order. Opp. to Pet. for Writ of Habeas Corpus ("Resp'ts' Opp'n.") (ECF No. 6). After receiving the Opposition, the court again notified Singh of his right to respond, and provided an additional fourteen-day period for his response. Order (ECF No. 8). Singh responded, attaching letters of support. (ECF No. 9), and thereafter submitted an additional filing. Submission (ECF No. 11).

After reviewing the Petition, Respondents' motions, the Immigration Judge's Order of Removal, and Singh's additional filings, I conclude that Singh's Petition fails to state any claim for relief under 28 U.S.C. § 2241, and his Petition should be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

Singh is detained at the Farmville Detention Center, and his Petition is a form document that appears with some frequency in this District. Pet. (ECF No. 1). He argues that he was treated as an applicant for admission and was detained without a bond hearing under 8 U.S.C. § 1225(b) rather than § 1226(a). Id. at 6. Although the Petition contests his temporary detention, Singh's handwritten additions are addressed primarily to the Government's decision to remove him. Id., at 7-8. His prayer for relief nevertheless asks for "release from ICE custody or, in the alternative, to order a fair bond hearing." Id. at 8.

Respondents' Opposition, however, asserts that as a result of factual developments in the case, Singh is now detained under § 1231, which lawfully imposes mandatory detention on immigrants subject to a final order of removal. Resp't's Opp'n. (ECF No. 6, at 2, 7-10). Since the filing, an Immigration Judge ordered Singh removed to India on July 16, 2026. Order of Immigration Judge (ECF No. 6-1). Both Petitioner and the Department

of Homeland Security ("DHS") waived their right to appeal the order of removal by not filing an application for relief from removal under 8 C.F.R. § 1240.11. Id.; Resp'ts' Opp'n. (ECF No. 6, at 5). Thus, Respondents argue Singh's removal order is administratively final, and he is detained under 8 U.S.C. § 1231. Id. at 4-6. As of July 16, 2026, therefore, Singh was subject to an administratively final order of removal following his unsuccessful application for withholding of removal. Order of Immigration Judge (ECF No. 6-1). The records identified in Respondents' Opposition include the Immigration Judge's Order of Removal and information that Singh waived his right to appeal, therefore making Petitioner's Removal Order administratively final on that date. Resp't's Mem. (ECF No. 6, at 1-2); Order of Immigration Judge (ECF No. 6-1, at 2) (noting appeal waiver).

## II. ANALYSIS

As Respondents acknowledged, this District has received many habeas petitions from ICE detainees contesting mandatory detention under § 1225(b)(2) and seeking bond under the provisions of § 1225(a), as Singh's form Petition asserts. But not every detainee subject to mandatory detention is subject to the same statutory basis for detention. And in Singh's case, mandatory detention—which may not have been proper under § 1225(b)(1)—has now been superseded by his administratively final order of removal. Now that he is subject to a final order of removal, his continued detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court recognized that detention under § 1231 is presumptively reasonable for at least six months. Id. at 701.

Under 8 U.S.C. § 1231, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

While the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

As Singh's detention under that statute began less than two months ago, his Petition is premature and should be dismissed. See Order, Chavarria Fuentes v. Lyons, No. 1:25-cv-2050 (E.D. Va. Mar. 17, 2026) (ECF No. 28). Should Singh remain detained beyond the presumptively reasonable six-month period of detention, he may bring a new claim for

relief under the standards set out in Zadvydas.

## III. CONCLUSION AND RECOMMENDATION

For the reasons stated, I RECOMMEND Respondent's motion to dismiss set out in their Opposition, (ECF No. 6), be GRANTED, and the Petition, (ECF No. 1), be DENIED and DISMISSED.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
September 8, 2026

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Sukhwinder Singh**
**A# 063450031**
**Farmville Detention Center**
**P.O. Box N**
**Farmville, VA 23901**

and an electronic copy was provided to:

**Christian James Cooper**
**DOJ-USAO**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

September 8, 2026